BENJAMIN DAVIS, plaintiff in error, v. T. B. MEYERS, sheriff, defendant in error.

ISAAC TERRY, plaintiff in error, v. T. B. MEYERS, et al., defendants in error.

(Atlanta, June Term, 1870.)

WRIT OF ERROR—RECORD CONFUSED—DISMISSAL ON MOTION—APPELLATE PRACTICE.—If the record be so confused that it is impossible to determine from them what was the real status of the case below, the writ of error will be dismissed on motion of counsel. The Court ought to dismiss it on its own motion, but it may hear the case if no motion to dismiss it is made. (R.)

1. LANDLORD AND TENANT—HOMESTEAD IN CROP—CONTRACT BE CLAIMED UNTIL RENT IS PAID.*—A tenant is not entitled to a homestead or exemption, out of the crop, or its proceeds, if sold, till the rent due the landlord is paid, as neither the crop nor

---

*LANDLORD AND TENANT—HOMESTEAD IN CROP—CANNOT BE CLAIMED UNTIL RENT IS PAID.—"We decided in the case of Davis v. Myers, 41 Ga. 95, that the homestead exemption provision of the constitution did not protect the property set apart, if it was a part of the crop made on a rented place, from the debt due for the rent. We held that rent was, in such a case, in the nature of purchase money of the crop, and was included within the exception. We see nothing to alter our opinion." Harrell v. Fagan, 43 Ga. 339.

"The rulings made in the cases of Davis v. Myers, 41 Ga. 95; Taliaferro v. Pry, 41 Ga. 622; Harrell v. Fagan, 43 Ga. 339; Tift v. Newsom, 44 Ga. 600, and other cases following these, that crops set apart as exempt under the laws passed in pursuance of the provisions of the constitution of 1868, will be subject to the payment of debts

Davis v. Meyers

its proceeds is legally or equitably his property, till he has paid the rent due for the use of the land upon which it was made, and the landlord may follow either till his claim is satisfied.

2. SAME—SAME—SAME—RES JUDIDATA.—If the landlord has appeared in the Court of ordinary, and controverted the tenant's right to the exemption till the rent is paid, and the case has gone to the Superior Court by appeal, and a verdict and judgment has been rendered in favor of the tenant, allowing the exemption, the landlord having made himself a party to the litigation, and having *taken no steps to set aside the judgment, is bound by it, and cannot be heard again to litigate the matter in dispute, or to deny tenant's right in a rule against the sheriff for the money for which the property was sold, for the benefit of the party entitled to it.

Homestead. Landlord and Tenant. Estoppel. Before Judge Johnson. Schley Superior Court. October Term, 1869.

These causes were by consent argued here together. The facts necessary to an understanding of the opinion appear on it. It will also furnish a good reason for not attempting a more detailed or particular account of them here. The original papers were lost, and just before argument here, copies were established. This may account in part for the uncertainty as to the facts.

W. A. Hawkins, by Lochrane & Clark, for plaintiff in error.

· S. H. Hawkins, by M. H. Blanford, for defendant.

By the Court—BROWN, C. J., delivering the opinion.

This proceeding affords an illustration of the bad effect of a relaxation of the rules of law and practice which govern in this Court. The records in these two cases, heard together, are so defective, and so much confused, that it is impossible to determine from an examination of them, what was the precise state of the cases before his Honor, Judge Johnson, when he made the decision. But as no motion was made to

due for the rent of the premises on which the crops were made, and for supplies furnished during the year that the crops were made, because such claims were in the nature of purchase money, will not be extended." Watson v. Williams, 110 Ga. 321, 35 S. E. Rep. 344. ·

SAME—SAME—LANDLORD'S LIEN SUPERIOR TO TENANT'S EXEMPTION.—In Worrill v. Barnes, 57 Ga. 405, the court said: "It is true, that in 41 Georgia Reports, in two cases, this court held that a homestead, or exemption, rather, could not be taken in the produce of a farm until the rent was paid; but in those cases the property was distrained, and the contest was between the distress warrant and the homestead. And it is true, that in one of those decisions, or opinions, there is language to the effect that title does not inhere in the tenant until the rent is paid; but we apprehend that the meaning is, that the tenant holds the property subject to the rent, not that the absolute title is in the landlord, but that he has a lien for rent superior to the exemption rights of the tenant. That is the decision in both cases, and we think it sound: Davis v. Meyers, 41 Ga. 95; Taliaferro v. Pry, 41 Ga. 622."

dismiss the cases, on that ground, the Court heard them, when it should have dismissed them on its own motion, on account of the defective manner in which they are brought up.

As we gather the cases from the records, and the statement of counsel in the argument, the plaintiffs in error were tenants of the estate of J. W. Rowland, and had not paid the rent due for the land, on which the cotton, from the sale of which the money in question was realized, was made by *them. Distress-warrants, were sued out by W. G. Wamack, agent of the executor, and levied upon the cotton, pending an application by the tenants to have it set apart to them, under the Homestead and Exemption Act. On the hearing in the Court of Ordinary, the plaintiff, by his agent, appeared and controverted the right of the applicants to the exemption. The cases were carried, by appeal, from the Court of Ordinary to the Superior Court, and there tried, and verdict was rendered in favor of the applicants for exemption, subject to the right of the objector, to object to the constitutionality of the Homestead law, on a motion to distribute the money. This was a finding against the objector, so far as the question of the landlord's right was concerned. It reserved only the question of the constitutionality of the Homestead law. It may be difficult for the objector to show, that the jury had any right to make such a reservation in his favor by their verdict, and that it was not in legal effect a general verdict against him. But if we give it full effect, as the jury intended it, the only right reserved, was, to claim the money on distribution, if the Homestead law should be declared unconstitutional.

As the Act was not so declared, the finding became absolute against the objector. No steps were taken to set aside this verdict or the judgment of the Court in favor of the applicants for exemption. The cotton was sold and the money held up by the sheriff, by consent and under the order of the Court, till a final disposition of the cases. A rule was afterwards taken against the sheriff for the money.

The sheriff answered the rule setting forth the above facts, rather indistinctly. From his answer, it is not very clear that the cotton was made by the applicants as tenants of the estate. Nor is it very clearly stated, that the estate by its agent appeared and was a party to the proceeding in the Court of Ordinary and the Superior Court. It seems to be admitted in the argument, however, that both facts existed.

The Court ordered the fund paid to the plaintiff in the Distress-warrants. Whether he made the ruling on the answer of the sheriff alone, or with the whole record before him, does not *appear. Taking it for granted, however, that we have stated the facts of the case and the finding of the jury correctly, and we think we have, it is our opinion that the Court erred in the judgment rendered.

We hold that a tenant can not take the benefit of the Homestead or Exemption, out of the crop, or the money for which it was sold, till he has paid the rent due the landlord for the use of the land upon which the crop was made, as neither the crop, nor the money for which it sold, is legally or equitably the property of the tenant, till the rent is paid, and the landlord may follow either till his claim is satisfied.

But for the judgment in these cases, in favor of the applicants for the Exemption, we should have no difficulty in affirming the judgment of the Court, directing that this money be paid to the plaintiff in the Distress-warrants. But we think the judgment bound the landlord. He appeared by his agent in the Court of Ordinary, and objected to the Homestead or Exemption. The cases were carried to the Superior Court by appeal, and there decided against his right as landlord. He acquiesced in that judgment and took no steps to set it aside, and we hold that he is bound by it.

Judgment reversed.