622    *C. B. TALIAFERRO, plaintiff in error, v. EPSEY O. PRY, defendant in error.

(Atlanta, January Term, 1871.)

1. HOMESTEAD EXEMPTIONS—LIENS—LANDLORD AND TENANT.*—Where a party rents land from another and a distress-warrant for rent is levied for such rent, and the wife, by her next friend applies for exemption of personalty under the Homestead laws in the property so levied on for rent, and upon objections being filed before the Ordinary, he sustains the objections, and the case is appealed to the Superior Court, and the objections are demurred to, and such demurrer sustained, the objections showing the fact that the distraint was for rent of the property:

*Held,* That the landlord's lien on the property was paramount, and the Court erred in sustaining such demurrer to the objections filed in this case.

2. SAME—WAIVER OF HOMESTEAD.—The right to homestead and exemption may be waived by the husband and his waiver will bind his wife and minors. Lochrane, C. J.

Homestead Act. Lien. Before Judge Johnson. Muscogee Superior Court. May Term, 1870.

Epsey O. Pry averred that she was the mother of five minor children; that her husband would not apply for the exemption of his personalty under the Homestead Act, and prayed that the personalty, in her schedule annexed, be set

---

*HOMESTEAD EXEMPTIONS—LIENS—LANDLORD AND TENANT.—The rulings made in the cases of Davis v. Meyers, 41 Ga. 95; Taliaferro v. Pry, 41 Ga. 622; Harrell v. Fagan, 43 Ga. 339; Tift v. Newsom, 44 Ga. 600, and other cases following these, that crops set apart as exempt under the laws passed in pursuance of the provisions of the constitution of 1868 will be subject to the payment of debts due for the rent of the premises on which the crops were made, and for supplies furnished during the year that the crops were made, because such claims were in the nature of purchase money, will not be extended. Watson v. Williams, 110 Ga. 321, 35 S. E. Rep. 344.

It is true, that in 41 Ga. in two cases, this court held that a homestead, or exemption, rather, could not be taken in the produce of a farm until the rent was paid; but in those cases the property was distrained, and the contest was between the distress warrant and the homestead. And it is true, that in one of those decisions, or opinions, there is language to the effect that title does not inhere in the tenant till the rent is paid; but we apprehend that the meaning is, that the tenant holds the property subject to the rent, not that the absolute title is in the landlord, but that he has a lien for rent superior to the exemption rights of the tenant. That is the decision in both cases, and we think it sound. Davis v. Meyers, 41 Ga. 95; Taliaferro v. Pry, 41 Ga. 622. That this is the meaning and the whole scope of the judgment, we think will appear from Hobbs v. Davis, 50 Ga. 213; Johnson v. Emanuel, 50 Ga. 590; Clark v. Dobbins, 52 Ga. 656, where the title is evidently treated as in the tenant, but subject to the lien of the landlord for rent. Worrill v. Barnes, 57 Ga. 405-406.

Where, pending an application by the wife of a debtor for a homestead and exemption of personalty, part of the personalty included in the schedule was levied on under a distress warrant sued out by the landlord of the applicant's husband, and before sale the exemption was granted, the property was not subject to sale. Price v. Hughes, 69 Ga. 739.

apart under said Act. Over $450 00 worth of the said personalty consisted of cotton, corn, fodder, and potatoes. Taliaferro objected upon the ground that, prior to her application, he had had a distress-warrant for rent for $728 75 levied upon all of the property ·in said schedule, and the sheriff has the same· in possession under said levy; that "when Pry rented the place from him, he gave him a lien, in writing, on all the crop to be raised on said place and on all the personal property of said Pry, until the rent shall be paid," in which writing Pry waived the benefit of all exemption and homestead laws. Pry filed his statement that said property enumerated in said schedule was all that he had which was subject to levy and sale. The Ordinary refused to set the same apart for her and she appealed. On .the appeal, her counsel demurred to said objections, the demurrer was sustained and the judgment of the Ordinary was reversed. This is assigned as error.

623       *H. L. Benning; J. J. Abercrombie, for plaintiff in error.

Igram & Crawford; N. L. Howard, for defendant, cited Rev. Code, sec. 2260; 39th Ga. R., 14.

LOCHRANE, C. J.

It appears from the record in this case that John O. Pry rented lands from Taliaferro, the plaintiff in error, executing a mortgage upon all the growing crops and personal property belonging to him, for the security of the payment of the rent and a mortgage waiver of the benefit of all exemptions and homestead laws.

The plaintiff in error, by distress-warrant, levied upon the personal property of John O. Pry, consisting of two mules, cotton, corn, fodder, etc. After the distress-warrant was levied, the wife of John O. Pry applied, by her next friend, to have the property thus levied on·set apart to her, under the homestead laws of this State. When the case came before the Ordinary, Taliaferro objected to the application, alleging the facts herein before recited. The Ordinary ˉsustained the objection, holding the landlord's lien to be paramount, under the facts of this case. An appeal was taken to the Superior Court. Upon the hearing of the appeal, the plaintiff in error demurred to the objections filed in this cause in the application. The Court sustained the demurrer on the grounds that they were insufficient, in law, to bar the plaintiff, reversing the order of the Court of Ordinary and remanding the case back to be disposed of in conformity to the judgment of the Court below, and this judgment is assigned as error.

1. By the well-established authority of this Court, in 41st Georgia Supreme Court Reports, and previous decisions, the landlord's lien is paramount to the right of the husband or the wife for exemption of personalty, under the homestead

laws. In the case of Phelps v. Porter, 40th Georgia Reports, 485, property levied on under mortgage fi. fa., and claimed by the wife under the Homestead Act was held by this Court to be subject to the levy, and could not be taken under the homestead laws by the wife or children. Judge McCay, delivering the opinion, announced the brief but pregnant principle of common justice and legal right when he said, "there is no equity in applying property not paid for to the use of even the wife and children." It would be manifestly unjust, and violative of the rules of the law to permit parties to use the property of another under a contract for rent and then claim the proceeds, either in kind or in cash, otherwise invested, without first settling with the landlord for the use and occupancy of his property. And we, therefore, hold that a landlord's lien is paramount for rent of the premises, and the Court below erred in sustaining the demurrer to the objections filed in this case.

2. For myself, I may remark, in relation to the written waiver, by the husband, in the execution of the mortgage, that the wife, in becoming the applicant for the exemption, is only remitted under the provisions of the law to the same position the husband occupied, and his waiver is binding on all parties who claim by, through, or under him; and such waiver before filing the application for exemption is as binding upon her, standing in his shoes as the head of the family, as if the husband himself had filed the application; the law, in its generous provisions of homestead, neither in spirit nor letter, confers power or opportunity for committing fraud.

Judgment reversed.