D. B. HARRELL, plaintiff in error, *vs.* H. Y. FAGAN, sheriff, defendant in error.

The crop made upon a rented place is subject to the lien of the landlord, for his rent, and if the same has been set apart as an exemption for the benefit of the family of the tenant, it is, nevertheless, subject to levy and sale for the payment of the rent, the claim for rent being in the nature of the purchase-money.

Rule against sheriff. Rent. Homestead. Lien. Before Judge JOHNSON. Stewart Superior Court. April Term, 1871.

Harrell made affidavit that J. K. Davis owed him seven bales of middling cotton, each weighing five hundred pounds, and worth $700 00, for the rent of a plantation for 1868. A distress warrant was issued, and on the 20th of November, 1868, was levied upon four thousand eight hundred pounds of cotton seed, four thousand five hundred pounds cotton in the field, four hundred and ninety-five bushels of cotton seed, three mules and a cow and calf, and two yearlings. This cotton and cotton seed were treated here as raised on said land in 1868. Charles Davis claimed the cow and calf and half of the cotton and cotton seed, according to law, and the balance was by the Ordinary, on the 28th of November, exempted under the Homestead Act under a petition filed on the 18th of November, 1868. The sheriff being required to show cause why he had not made the money on the warrant, answered the facts aforesaid. His answer was demurred to. The Court overruled the demurrer and refused to grant a rule absolute against the sheriff. That is assigned as error.

Ford *vs.* Adams *et al.*

MOSES & DOWNING, for plaintiff in error, cited 41 Georgia Reports, 95, and Pry *vs.* Talliaferro, last term.

J. S. WIMBERLY, E. BEALL, for defendant.

McCAY, Judge.

We decided in the case of *Davis vs. Meyers*, 41 Georgia, 95, that the homestead exemption provision of the Constitution did not protect the property set apart, if it was part of the crop made on a rented place, from the debt due for the rent.

We held that rent was, *in such a case*, in the nature of *purchase-money* of the crop, and was included within the exception.

We see nothing to alter our opinion, and we therefore reverse the judgment.