## SWOPE VS. ROSS.

1. EXEMPTION: *The right of, not triable by jury.*
   The statute does not authorize the impaneling of a jury to determine whether a party is entitled to the benefit of the exemption law.

2. — *As between a landlord and debtor of the tenant.*
   The rights of a landlord against his tenant do not attach as against a debtor of the tenant, against whom the landlord has recovered judgment in a proceeding by garnishment, so as to deprive him of the benefit of the exemption conferred by the constitution.

APPEAL from *Monroe* Circuit Court.

Hon. W. H. H. CLAYTON, Circuit Judge.

*S. P. Hughes,* for appellant.

WALKER, J. It appears from the record, that the appellant Swope, a landlord, obtained judgment before a justice of the peace, against William H. Green, his tenant, and, that Crusiana Ross was garnished to answer, whether she was indebted to Green. She failed to answer and judgment was

rendered against her in favor of Swope, for the amount of the judgment recovered by him against Green. on which execution was issued and the property of Ross levied upon. Ross claimed the benefit of the exemption act, of personal property, and made and filed her schedule of personal property, which amounted to less than the sum exempted from sale under execution. Swope, by attorney, filed a petition in the justice's court, claiming a jury trial to determine whether the property levied upon by the sheriff, and embraced in the schedule, was or not, subject to Swope's execution, notwithstanding the amount was less than $2,000, the amount exempted from execution by law; upon which a jury was summoned and sworn to try, whether the property levied upon, was or not, subject to the execution of Swope. The jury rendered a verdict, that the property was subject to the execution, and the justice rendered judgment in accordance with the verdict. From this judgment the defendant appealed to the circuit court. Upon the trial in the circuit court, the judge ruled the law to be, that Ross, the garnishee, was not the tenant of Swope, and that she did not stand in that relation to him, and that she was entitled to the benefit of the exemption act, giving to the defendant the right to exemption of $2,000 personal property. Judgment was rendered in favor Ross. The evidence and exceptions were made of record and Swope appealed to this court.

We know of no statute which authorizes such a proceeding as was had before the justice in this case. If it was intended to try the right of property levied upon and taken in execution, the proceeding could not be sustained under sec. 2671, Gantt's Dig., p. 515, because the application for a jury to try the right of property must come from some person other than the defendant in execution — some one who claims the property levied upon as his, not the defendant in execution. But

in this case, the defendant in execution applied for and obtained a jury trial, to determine, not that the property was not the defendant's, for of that there was no question, but to determine a mere question of law, as to whether Ross was or was not entitled to the benefit of the $2,000 exemption.

The judge of the circuit court to whom the facts were submitted, as if sitting as a jury upon an agreed state of facts, declared the law to be, that as the relation of landlord and tenant did not exist as between the landlord, Swope, and Mrs. Ross, the garnishee, she was entitled to the benefit of the $2,000 exemption, of personal property provided for by statute.

We fully approve of the decision of the circuit court. The debt upon which judgment was rendered against her in favor of Swope was a debt which she owed to Green, not Swope, and as regarded the debt, the relation of landlord and tenant did not exist, and as to which the rights of the landlord against his tenant could in nowise exist.

Let the judgment be affirmed.