# *Ex Parte* Barnes.

## *Application for writ of Mandamus.*

1. *Landlord's statutory lien for rent of store-house, as against claim of exemption.*—In a contract for the rent of a store-house, entered into since the passage of the statute giving the landlord a lien on the goods for the rent (Code of 1886, §§ 3069–72), the statute is to be regarded as an element of the contract; and the lien must prevail against a claim of exemption, though declared by constitutional provision.

2. *When mandamus lies.*—In a suit commenced by attachment, an interlocutory order being made, requiring the sheriff to pay over the money in his hands, proceeds of sale of the attached goods, to the defendant in attachment, on a claim of exemption which is invalid, this court will award a *mandamus* to vacate the order, when it appears that the defendant is insolvent.

3. *Contesting claim of exemption.*—If a claim of exemption, duly filed of record, is invalid as against an execution which comes into the hands of the sheriff, and this is shown by the writ itself, the claim may be disregarded without an affidavit contesting it.

[Ex parte Barnes.]

This was an application to the Supreme Court by Augustus Barnes, administrator of J. B. Barnett, for a writ of *mandamus* to the Hon. J. M. Carmichael, presiding judge of the Circuit Court of Lee county, commanding him to set aside and vacate a certain order made by him in a cause pending in said Circuit Court, as fully appears in the opinion of the Supreme Court.

A. & R. B. BARNES, and W. J. SAMFORD, for petitioner.. No exemption can be claimed against the landlord's lien for rent. The attachment for rent is given as a remedy in *lieu* of the common law distress for rent.—*Scaife v. Stovall*, 67 Ala. 237; 60 Ala. 537; 6 Ala. 620. The attachment under the law is not to create the lien, but to enforce it.—*Wilson v. Stewart*, 69 Ala. 302; 62 *Ib.* 194; 67 *Ib.* 237; 60 *Ib.* 394; *Ib.* 235; 53 *Ib.* 363; 17 *Ib.* 385; Waples on Attachment, 64–67, 110, 111, 151. *Mandamus* is the proper remedy in this case.—*Ex parte Haralson*, 75 Ala. 543. The statute is not unconstitutional.—*Tyler v. Jewett*, 82 Ala. 93. When a party contracts in the light of a statute the terms of the statute become a part of the contract.

GEO. P. HARRISON and JNO. M. CHILTON, for respondent. Where applicant has legal right and *mandamus* would lie, the court may refuse the writ.—High. Ex. L. Rem. § 9; 24 Ala. 645; 3 Brick. Dig. 625, § 10. When declaration of exemption has been filed in probate court, levy can not be lawfully made.—Code, § 2830; 72 Ala. 488; 70 Ala. 409; 68 Ala. 291; 81 Ala. 106. The act giving landlords of store-houses, &c. a lien, is unconstitutional.—Cons. 1875; Code, 1876, p. 144; Acts 1884–5, p. 131; 55 Ala. 305; 57 Ala. 40; Cooley on Const. Lim. 390.

STONE, C. J.—The act "to give to landlords of store-houses," &c. "a lien on the goods of their tenants for rent," was approved February 23, 1883.—Sess. Acts 175; Code of 1886, §§ 3069, *et seq.* The most important inquiry in this case is, whether that act is violative of Art. 10, sec. 1, of the constitution of 1875, which exempts from levy and sale for the payment of debts personal property of every resident of this State, of the value of one thousand dollars.

The facts of this case, as shown in the petition and transcript, are, that Lazarus was a merchant, engaged in business, and having a stock of drugs, medicines and other mer-

[Ex parte Barnes.]

chandise in a store-house, not his own, but the property of petitioner's intestate. Barnett, the decedent, was landlord, and Lazarus, the merchant, was his tenant. On October 31st, 1884, Lazarus, the tenant, made out and swore to a claim of a part of his merchandise in store, valued at one thousand dollars, which he selected and claimed as exempt. This claim he filed in the office of the judge of probate. Afterwards, on the same day, he made a general assignment of his property for the benefit of his creditors, reciting that he was indebted to Barnett for rent. Afterwards, still on the same day, the attachment in this case was sued out in the name of Barnett against Lazarus, and levied on the goods in the store-house, which Lazarus had claimed as exempt. This was a special, or exceptional attachment sued out under §§ 3070, 1, 2 of the Code of 1886, issued on an affidavit which averred the amount due and to fall due, that it was for rent of the store-house, describing it as the store-house in which Lazarus had been doing business, and affirming that he, Lazarus, had made an assignment for the benefit of his creditors, without the consent of said Barnett. The attachment describes and rests on the affidavit in its substantive averments, with sufficient fullness to show its nature and the ground on which it was sued out. In other words, it shows that it was an exceptional attachment, sued out by a landlord against his tenant, for the recovery of rent for the store-house in which the latter had his merchandise, and had been conducting a mercantile business. The creation of a lien was not the object of the suit. The statute, if constitutional, confers that. The attachment was resorted to as a means of enforcing a lien the law had declared.

Counsel have referred us to no case directly in point, and in our own investigation we have found none. Questions have arisen and been determined, in relation to the landlord's lien on crops grown on rented land, for unpaid rent, declared to be paramount to other liens. Such liens have been maintained against exemption claims. Many reasons may be, and are given, why this should be so. The land is a very important factor in the growth and production of the crops, on which the lien is asserted. And accepting a lease with a knowledge that the crop to be grown is not to become the absolute property of the tenant, but to remain under the paramount lien for the rent, is the equivalent of an express agreement that it shall be so. It is a surrender of that much of the ownership.—Thompson on H. & Ex. § 377; Taylor L,

& Ten. (7th Ed.) § 424a; *Davis v. Meyers*, 41 Ga. 95; *Hawell v. Fagan*, 43 Ga. 339; *Prince v. Nance*, 7 S. C., 351; *Thompson v. Mead*, 67 Ill. 395. In the absence of statutory provision, or contract, giving such lien, the claim of exemptions will prevail over it.—*Mason v. O'Brien*, 42 Miss. 420; *Swope v. Ross*, 29 Ark. 370.

In the case we have in hand the statute declares the lien. Code of 1886, § 3069. Taking a lease of the store-house, and placing merchandise in it under the lease, must be treated as equivalent of a valid agreement giving a lien. In *Knighton v. Curry*, 62 Ala. 404, speaking of the effect of a contract which, under the law, carries with it a lien, this court said: "The lien created . . . is not that of an execution, a mere legislative remedy; but the bond of the tax-collector being a contract by which the law had previously declared liens should be created, such lien is a lien by contract, so far as all parties to the bond are concerned."—*County of Dallas v. Timberlake*, 54 Ala. 403; *Schuessler v. Dudley*, 80 Ala. 547. See *Tyler v. Jewett*, 82 Ala. 93.

If in this case there had been an agreement, part of the terms of the lease, by which a lien was secured on the merchandise for the payment of the rent, that lien would have prevailed over the tenant's claim of exemption, so far as the merchandise is concerned.—*Hale v. Omaha Nat. Bank*, 49 N. Y. 626; *McCaffrey v. Woodin*, 65 N. Y. 459; *Metcalf v. Fosdick*, 23 Ohio St. 114; *Booker v. Jones*, 55 Ala. 266; *Fowler v. Rapley*, 15 Wall. 328; *Longstreth v. Pennock*, 20 Wall. 575; 4 Wait Act. & Def. 267.

Under the facts shown in this record, the lien for rent was paramount to the claim of exemptions. And there is no hardship in this. The merchandise was intended for sale, with a view to the profits to be realized from the sale. A store-house for its preservation, exhibition and sale, was as necessary to the business, as was the merchandise itself. The two together constituted an occupation, with probable emolument. Sound commercial morality forbids that all the advantages shall inure in one direction, while nothing but losses are entailed in the other.

While the suit was pending, an interlocutory order was made, commanding the sheriff to pay over the proceeds of the merchandise to the defendant in attachment, on his claim of exemptions. The case not having been tried on the merits, or otherwise finally disposed of, an appeal would not lie from that interlocutory order. The defendant is insolvent.

[Hardy & Co. v. Ingram ]

Should this order be complied with, it is manifest that appeal and reversal after final trial and judgment, would give little promise of a recovery of the money, and the probable result would be that the plaintiff, though having a lien, would lose all means for its enforcement. Appeal is not an adequate remedy. We consider this a clear case for *mandamus*. *Ex parte Haralson*, 75 Ala. 543.

Before the attachment was levied or issued in this case, Lazarus, the defendant, had made his selections and asserted his claim of exemptions, and had filed the same with the judge of probate for record.—Code of 1886, § 2515. No steps for contesting the claim had been taken by the plaintiff before suing out the attachment.—§ 2520. On this account, it is urged that the levy of the attachment is invalid, and should be set aside. And, for the same reason, it is urged that the plaintiff is in no condition to claim the relief he here seeks.

We have shown above that the attachment in this case shows on its face, that it was for the collection of rent for the store-house, in which the goods were found when they were levied on. This informed the sheriff that the claim of exemptions was groundless, and authorized him to disregard it, even if it had been brought specially to his notice, which it was not.—*McLaren v. Anderson*, 81 Ala. 106.

It is ordered and adjudged that the writ of *mandamus* issue to the judge presiding in Lee Circuit Court, commanding and requiring him to vacate the order made April 23, 1887, by which the sheriff was "ordered and required to pay over said sum of nine hundred and sixty-four dollars to the said E. W. Lazarus or his attorney of record,"

Mandamus granted.