## SHIRLING *v.* KENNON.

1. The landlord's special lien for rent upon the crops raised on the rented premises is superior to an exemption set apart in such crops under the provisions of the Civil Code, § 2866 et seq.
2. Assignments of error and recitals of fact in a petition for certiorari not affirmatively verified in the answer can not be considered.

Submitted January 25, — Decided February 13, 1904.

Certiorari. Before Judge Mitchell. Berrien superior court. March 26, 1904.

The answer to the writ of certiorari recites the bringing and trial of the action (distress warrant, levy, and claim interposed), and that "the case was submitted to the jury under an agreed state of facts, no evidence being introduced on the part of either party (facts stated in petition for certiorari); true copies of all the papers attached to certiorari; verdict by jury for the plaintiff." The petition for certiorari, after making usual recitals of

how the case arose, and of the verdict being adverse to the claimant, with which she was dissatisfied, says:    " She presents this her petition for certiorari, . . and here proceeds plainly and distinctly to set forth what occurred on the said trial, and the errors complained of. . . The case was submitted to the jury under an agreed state of facts, . . . as follows:    That J. B. Shirling, the husband of Fannie Shirling, rented from the plaintiff in distress warrant the land as described in the affidavit, . . and that he owed the plaintiff the sum of fifty dollars as rent, besides the interest thereon, and that the same was due and unpaid; that the property levied upon and claimed was raised upon the land rented from the plaintiff. . . Fannie Shirling claimed the property under and by virtue of a homestead. . . The claimant did not have schedule in court, but it was agreed upon by both the plaintiff and the claimant that she did have one which embraced the articles described in the levy, . . that she claimed the property to be exempt from levy and sale and not subject to the lien of the distress warrant; a copy of which schedule is hereto attached " as an exhibit.    In the paper so exhibited it is recited that the list of articles therein given is a schedule of property belonging to J. B. Shirling, the head of a family consisting of his wife and six named minor children ; claimed to be exempt from levy and sale under the Civil Code, § 2866, and the amendments thereto, by Fannie Shirling, her husband refusing to file his schedule.    The petition for certiorari further recites, that all of this " went to the jury under the agreed state of facts, with the objection to the said schedule that the same was marked copy and not original.    The claimant assumed the burden of proof, and, after argument by counsel for the plaintiff in distress warrant and in the closing argument by counsel for claimant, said counsel for claimant moved the court to dismiss the levy, and to dismiss the appeal, upon the following ground, to wit: that the plaintiff in distress warrant had not tendered to the claimant an issue as required by law, that no issued was joined in writing as required by law, that no offer to join issue was then made at the time, and at no time was any issue joined in writing as required by law."    Error was assigned upon the overruling of this motion; and also upon the verdict, as contrary to law and evidence.    The certiorari was dismissed, and the claimant excepted.

*Hendricks & Harrison*, for plaintiff in error.

*J. Z. Jackson*, contra.

COBB, J. 1. In three cases it has been held that the land-lord's special lien for rent upon the crop raised upon the rented premises was for a debt so in the nature of the purchase-money that it would be superior to an exemption set apart in such crop under the provisions of the constitution of 1868. *Davis* v. *Meyers*, 41 *Ga.* 95; *Taliaferro* v. *Pry*, 41 *Ga.* 622; *Harrell* v. *Fagan*, 43 *Ga.* 339. Under the provisions of the Civil Code, § 2873, which is a codification of an act passed in 1874, property set apart under the statutory or short homestead law is made subject to "sale for the purchase-money." The language of the act of 1874 is substantially that of the constitution of 1868. The principles at the foundation of the decisions above cited would seem to be applicable in cases where the short homestead is involved.

2. For the reason stated in the second headnote, no other question than the one just disposed of is before us for decision in this case.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*