8261. MORROW TRANSFER & STORAGE CO. *v.* WHITSON.

A warehouseman's lien for storage charges on property deposited with him is not superior to the exemption rights established by setting it apart as homestead property under the provisions of the Civil Code (1910), § 3416 et seq., although it be set apart after the accrual of the storage charges. In such a case the warehouseman has only a lien, and not such a property right as will defeat the exemption.

DECIDED JUNE 7, 1917.

Trover; from Fulton superior court—Judge Ellis.   May 8, 1916.

*King & Spalding,* for plaintiff in error.

*James & Bedgood,* contra.

BROYLES, P. J.   This case was submitted to the court without the intervention of a jury, upon the following agreed statement of facts: "That the Morrow Transfer & Storage Company is a corporation operating a storage warehouse; that as such warehouseman it received the property described in the petition, for storage at an agreed rate; that the property remained in storage a long time; that $60 storage charges accrued, which was unpaid at the time of suit; that plaintiff had the goods set apart to her as a homestead under the 'short' or 'pony' homestead, as provided in sections 3416 et seq. of the Code of Georgia of 1910, after the storage charges had accrued; that plaintiff then tendered the exemplification (which is attached to the petition) to the defendant and demanded the goods from the defendant; that plaintiff did not pay or offer to pay the accrued storage charges; that the defendant refused to deliver the goods to the plaintiff, solely upon the ground that its storage charges for preserving and storing property had not been paid.   Thereupon the plaintiff instituted its action in trover.   The property was delivered to the sheriff, and, upon the bond being given by the plaintiff, was turned over to her by the sheriff.   The defendant contends that its property right as a warehouseman and bailee, in the property bailed, was exempt from the homestead of the plaintiff; that the defendant was a bona fide purchaser for value, to the extent of its storage charges, and that its claim for storage charges was superior to the plaintiff's claim for homestead."   The court rendered judgment for the plaintiff, holding that she was entitled to the property involved, free from the claim of the defendant for storage charges, and that the homestead exemption was superior to the claim of the defendant for its charges for storing the property.

In our judgment the decision of the lower court was correct. Section 3416 of the Civil Code of 1910 provides that property set apart under that section, commonly known as the "short" or "pony" homestead, "shall be exempt from levy and sale by virtue of any process whatever, under the laws of this State, nor shall any valid lien be created thereon, except in the manner hereinafter pointed out, but it shall remain for the use and benefit of the

family of the debtor." The exceptions are embraced in code-section 3423, and are "for the purchase-money, or State and county or municipal taxes." The statute thus explicitly names the only two liens to which the short homestead is subject, to wit, *taxes and the purchase-money*. It is true that in several cases (*Davis* v. *Meyers*, 41 *Ga.* 95; *Taliaferro* v. *Pry*, 41 *Ga.* 622; *Harrell* v. *Fagan*, 43 *Ga.* 339; *Shirling* v. *Kennon*, 119 *Ga.* 501, 46 S. E. 630) the Supreme Court held that the landlord's special lien for rent upon the crops raised upon the rented premises was a debt *so in the nature of the purchase-money* that it would be superior to an exemption set apart in such crop, under the provisions of the constitution of 1868. The same court, however, in *Watson* v. *Williams*, 110 *Ga.* 321 (35 S. E. 344), held that this ruling would not be extended. In *Clark* v. *Dobbins*, 52 *Ga.* 656, it was said, in the headnote, that a warehouseman *and factor* who, without notice of any lien, makes advances on cotton which was produced on rented land, and stored with him by the tenant, has such a qualified property in, and lien on, the cotton, as to entitle him to reimbursement for such advances and pay for proper charges, before the landlord can enforce his claim for rent against the cotton. And although in that case it was held that the warehouseman and factors were entitled not only to the advances which they had made on the property but also to their storage charges, yet the decision is based mainly, if not entirely, on the fact that the warehousemen, *as factors, had advanced money to the tenant on the property stored with them,* and for that reason it was held that they had such a property right in the cotton as would prevail over the landlord's special lien for rent. This is shown by the fact that nowhere in the opinion of the court, written by Trippe, J., are the storage charges mentioned, but the ruling that the warehousemen had a special property in the thing stored was based solely on the ground that as factors they had advanced money on the property. In the instant case, if the warehouseman had made any advances on the property stored, that decision might be applicable. In that case, however, no homestead was involved. and the issue was between three different creditors, as to whose lien was superior, while in the instant case the issue was directly between the warehouseman and the homesteader as to whether the homestead was good against the warehouseman's lien for storage charges merely.

It is provided by section 3362 of the Civil Code of 1910 that liens of pawnees, factors, bailees, and acceptors "shall be inferior to liens for taxes, liens of which such persons had actual notice before becoming creditors, special liens for rent, liens of laborers, liens or mortgages duly recorded, judgment liens, and other general liens reduced to execution and levied."

In our opinion the trial court correctly held that the homestead exemption was superior to the claim of the warehouseman for storage charges, and that the plaintiff in trover was entitled to the property.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*