## CHENAULT v. WALKER.

1. A sheriff is not liable to the penalty, prescribed by the act of 1843, (Clay's Dig. 238, § 9,) in cases, where by statute he is required to perform certain services, for which no compensation is fixed, if he receives more than reasonable compensation for such services.

2. The true construction of the act of 1843, is, that a sheriff or other officer shall be liable to its penalty, when he demands and receives, other, or higher fees for services, the compensation for which is defined and fixed by law.

Error to the Circuit Court of St. Clair. Before the Hon. Thomas A. Walker.

DEBT, brought against the defendant, as sheriff, for taking illegal fees. The facts, so far as they are material to be stated, are, that on the 4th December, 1843, an attachment was issued against the plaintiff, and was levied by the defendant, on eight slaves. The defendant took these slaves into his possession, and retained them for twelve months, during which time, he fed and clothed them, and paid taxes for them. A judgment was finally rendered against the plaintiff, and a *fieri facias* issued thereon, bearing date the 13th September, 1844. Under this *fi. fa.*, the slaves previously levied on were sold for the sum of $2,132 75, which still left a considerable balance unpaid on the *fi. fa.* The defendant returned the execution with this indorsement: "Sheriff's fees for victualing, clothing, and paying tax for eight negroes twelve months, and commission fees on $2,132 75—$550."

The defendant also proved, that the plaintiff in the execution, had demanded of him all the money received on the sale of the negroes, except the taxed cost, which, however, he had not paid. On this evidence, the court charged the jury, that the law allowed the sheriff five per cent. on the first hundred dollars collected, four per cent. on the second, and two and a half per cent. on every hundred above two hundred dollars collected by him; the law also allowed the sheriff to retain the cost as taxed on the execution, and that if

the jury believed that the defendant had demanded, and had collected and retained more than the cost as taxed, and the commissions, that the plaintiff was entitled to recover four fold the amount of such excess. The defendant requested the court to charge the jury, that the defendant, as sheriff, was entitled to some compensation for feeding, clothing, and paying the taxes of said slaves, during the time he had them in possession, under the attachment. This charge the court gave, with this qualification, that compensation could not be allowed in this action, as it was the duty of the sheriff to apply to the court, for an allowance, and to fix the amount of compensation he was entitled to receive.

The defendant below excepted to the charges of the court, and now assigns them as error.

S. F. RICE, for plaintiff in error.

1. It was the duty of the sheriff, to feed and clothe the slaves levied on in this case, and to pay the taxes on them; the law allows him twenty-five cents per day for victualing a slave, and of course the law will allow him to retain the taxes paid on them, because it was his duty to pay the taxes, and because taxes constitute a lien superior to all others in Alabama. Clay's Dig. 235, note 1; ib. 498, $ 17; ib. 566, $ 50, 52; Walker v. Ham, 2 N. H. R. 238.

2. The third charge asked should have been given. There was a total and fatal variance between the proof and the allegations contained in the "first and second counts." Elliott and Smith, use, &c. v. Harralson, 1 Ala. Rep. 74; King et al. v. Griffin, 6 Ala. R. 387; Sawyer v. Patterson, 11 Ala. R. 526.

3. The evidence offered to show that plaintiff in execution, as well as the defendant, had ordered and acquiesced in the stays indorsed on the *fi. fas.* offered and excluded, as also those *fi. fas.* and their indorsements as offered, were admissible. Andress v. Crawford, 11 Ala. R. 853.

4. The sheriff is not liable to the penalty of the statute, for taking fees, on account of services, for which no fees are enumerated in the fee bill. Where he takes fees for such services, he is liable to refund the excess, if he takes too much. Walker v. Ham, 2 N. H. R. 238.

MORGAN, contra.

DARGAN, J.—The act under which this action is brought, provides, that if any officer shall presume 'to demand, and receive, any other, or higher fees, than are prescribed by this act, he shall be liable in damages, to the party aggrieved, four fold the fees so unlawfully demanded, and received, to be recovered in any court of competent jurisdiction, &c. This act, however, makes no provision for compensation to sheriffs, who by virtue of process, take possession of, and retain in their custody slaves, or other property, that requires sustenance and support. But the act of 1807 (Clay's Dig. 203,) provides, that when any sheriff, or other officer, shall serve any writ of execution on any slaves, horses, or other live stock, and the same shall not be immediately restored to the possession of the debtor, by his giving bond, it shall then be lawful, and such officer shall provide sufficient sustenance for the support of such slaves, or live stock, until they are sold, or otherwise discharged from such execution, and on the return of the execution, the court shall, on motion of the officer, settle, and adjust the compensation he shall be allowed for supporting such slaves, or stock, and the officer shall be allowed to retain the same, out of the proceeds of the sale of said slaves or stock.

The charge of the court subjects the defendant to the penalty of the act of 1843, for retaining compensation for the support of the slaves during the time he had them in his possession, by virtue of the attachment, because he had not moved the court to fix, and settle the amount he was entitled to retain. In this the court erred. It is certainly clear, that this act did not intend to inflict the penalty of four fold on a sheriff for retaining fees for services, that the law allowed him, because the amount of such fees were not ascertained in the manner prescribed by the act of 1807. But the act of 1843, intended to subject a sheriff, or other officer, to the penalty of four fold the amount of fees demanded, and received by him, to which by law he was not entitled, but which he had extorted, illegally, by means of the process in his hands. The act did not intend to inflict the penalty, because the sheriff had not moved the circuit court to settle,

and adjust fees, to which he was entitled, but designed to punish him for extorting illegal fees. We are fully sustained in our conclusion, by the supreme court of New Hampshire, in the case of Walker v. Ham, 2 N. H. R. 238. In that case, the sheriff demanded, and received of the defendant, three dollars, over and above the ordinary fees, on account of extra trouble and expense in executing the writ. The statute of New Hampshire did not prescribe any compensation for such services, nor deny the right of the sheriff to receive it. The court held, that the sheriff was not liable to the statute penalty, for receiving fees for services, for the performance of which, though not enumerated in the fee bill, he was, by the rules of the common law, entitled to reasonable compensation. We acknowledge the propriety and justice of this decision, and think that the rule it establishes, accords with the true intent of our legislature. Our statutes do not undertake to enumerate every act of extraordinary service, for which a sheriff may be entitled to reasonable compensation. They do however prescribe fixed fees for certain enumerated services, and provide a penalty for extorting more for the performance of those services, than is allowed by law; but where a sheriff is entitled to reasonable compensation for services, and this compensation is not fixed, and ascertained by statute law, in advance of the performance of them, a sheriff is not subject to the penalty of the act, for demanding, and receiving reasonable compensation, for the performance of such service.

The true construction of our act, is this: that a sheriff, or other officer, shall be liable to the penalty of the act of 1843, for receiving a larger sum by way of fees, than is allowed by our statutes, for the performance of the duties, or services enumerated in the various acts. But if a sheriff is entitled by law to receive compensation for certain services, but this compensation is not fixed, and ascertained by statute, he does not incur the penalty of the act of 1843, if he receives more than reasonable compensation for such service. But if he has received for the performance of such service, more than reasonable compensation, he is liable to be sued for money had and received by him, who is legally entitled to it.

The judgment must be reversed, and the cause remanded.