# Kahn, Wolf & Sons *v.* Locke.

### *Motion to retax Costs.*

1. *Fees or commissions for services rendered by ministerial officers ; rule regulating.*—For services rendered by ministerial officers, when the law fixes and defines the fees or commissions, the officer shall receive no other or greater compensation than the law declares, although particular circumstances may render such compensation inadequate in the particular case.

2. *Sheriff's fees for collecting money under process ; what service covered by.*—The commissions allowed a sheriff by statute for collecting money on a *fieri facias* include compensation for all the acts of levy and sale required to effect the collection, and are the same whether he receives the money from the defendant on demand, or whether he is put to the trouble of levying and selling, in order to " make the money;" and the rule of commissions in attachment suits is the same, with the exception that a small fee is allowed for making the levy ; hence, no extra compensation can be allowed for clerk-hire, or making the return.

3. *Allowance for removal of, and guard over goods levied on ; when proper.*—When a stock of merchandise is levied on under an attachment or execution, and it becomes necessary to remove it, and to employ a guard or watchman, for its preservation, these services justify a special, reasonable allowance to the sheriff, to be paid out of the proceeds of sale.

APPEAL from Hale Circuit Court.

Tried before Hon. JOHN MOORE.

On the 4th April, 1881, Bamberger, Bloom & Co., Woodruff & North and Kahn, Wolf & Sons sued out attachments against A. S. Jeffries, which were levied by James W. Locke, the sheriff of Hale county, on a stock of goods belonging to Jeffries. These goods, excepting a part claimed by the defendant in attachment as exempt, were, under an order of court, sold by the sheriff, and the proceeds of sale paid over to the plaintiffs in the attachments, thereby satisfying in full judgments rendered in favor of Bamberger, Bloom & Co. and Woodruff & North, but leaving a considerable balance unpaid on the judgment in favor of Kahn, Wolf & Sons. The proceeds of sale amounted to $3753.79, from which the sheriff retained the sum of $565.11, as costs in the several suits. This was a motion to retax the costs, and it was made in the name of all the attaching creditors.

It appeared from the evidence introduced on the trial of the motion, that the sheriff paid and taxed as costs (1) $40.50 for the services of four clerks in making an inventory of the goods levied on, to be attached to his return ; (2) $90 to one Jones,

[Kahn, Wolf & Sons v. Locke.]

who was his regular deputy, for sleeping in and guarding the house in which the goods were stored, for forty-five nights; (3) $50 to said Jones, for services as " clerk in conducting the sale;" and (4) several other items, embracing amounts paid for " extra clerk-hire," removing iron safe, printing notice of sale, " clerk's hire in report of sale," and for an account book and lamp chimneys. There were also included in the bill of costs amounts paid for store rent, hauling goods, fee to auctioneer, fees of circuit clerk, and amounts reserved by him as his fees for levying and returning the attachments, and as his commissions on proceeds of sale.

Evidence was also introduced showing that the goods were kept in a brick house located in the principal business block in the town of Greensboro; and tending to show that it was necessary for the safety of the goods, that a guard should sleep in the building where the goods were stored; that Jones rendered the services as guard under contract with the sheriff for special compensation, and that his services were worth what he received for them; that the clerks who were employed by the sheriff were necessary for making out the inventory, and for selling the goods, and that their services were reasonably worth what the sheriff paid them. The bill of exceptions does not purport to set out all the evidence.

The judgment of the court on the motion was, " that the item of $50 for clerk hire allowed to Jones be disallowed; that the item of $90 to said Jones as guard be reduced to the sum of $70; that the item of $10 for making report of sale be disallowed; and that all others are allowed by the court." This judgment is here assigned as error.

THOS. R. ROULHAC, for appellant.

JAS. E. WEBB, *contra*.

STONE, J.—The true construction of our statutes, as ruled by this court, is, that for services rendered by ministerial officers, when the law fixes and defines the fees or commissions, the officer shall receive no other or greater compensation for the services thus enumerated, than the law declares. The legislature, in its wisdom, has fixed the rate on an average scale; and while for some services he is required to render, his compensation may be inadequate, by reason of the particular circumstances attendant on that service, in others it will be found ample, if not bountiful, by reason of the light labor it imposes. The officer accepts the office with its benefits and burdens. Code of 1876, §§ 5017, 5032; *Chenault v. Walker*, 15 Ala. 605;

*Lee v. Smyley*, 16 Ala. 773; *Dent v. The State*, 42 Ala. 514; *Tillman v. Wood*, 58 Ala. 578.

The statute has declared what commissions the sheriff shall demand and receive for collecting money on a *fieri facias*. This includes all the acts of levy and sale, if need be, required to effect the collection. His fees are the same, whether he receives the money from the defendant on demand, or whether he is put to the trouble of levying and selling, in order "to make the money;" and this rule prevails, whether the claim is large or small. And the rule of commissions in attachment suits is the same, with the exception that a small extra fee is allowed for making the levy. We can not think that clerk-hire, in the matter of perfecting the levy, or making the return, was ever contemplated as a special charge or allowance. It is the sheriff's duty to perfect the levy and to make the proper return; and these are embraced in the command to "cause to be made," for which he receives certain commissions. If he may farm out all the labor attending the levy, sale and return, and charge that on the fund, what labor does he perform, for which he receives the commissions the statute allows?

It is made the duty of the sheriff to safely keep goods levied on, and a strict measure of accountability rests on him, if he fails therein. He must employ such diligence as an ordinarily prudent man employs about his own, taking into the account the nature of the chattel to be preserved.—Freeman on Ex. § 270. A stock of merchandise requires more labor and care in its levy, preservation and sale, than ordinary chattels. When seized, its removal to some other custody is frequently necessary, and it needs relatively more capacious storage for its safe preservation. We think, too, that so movable and tempting a commodity as ordinary merchandise, will frequently, if not generally, justify the presence of a guard, or watchman at night, to guard it against theft and incendiarism. These two services, both, in their nature, somewhat peculiar to the character of the property, we think should justify a special, reasonable allowance to the sheriff, to be charged upon the product of the sale.— *Walker v. Ham*, 2 N. H. 238; Crocker on Sh'ffs, § 1144.

The judgment of the circuit court is reversed, and proceeding to render the judgment the circuit court should have rendered, it is adjudged that, in addition to the items of cost and expense, to which moveant withdrew his objections, aggregating $309.01, the sheriff be allowed the following items of charge:

[Rice v. Drennen, Adm'r.]

For guard of merchandise.........................$60 00
　" 　removing iron safe........................... 1 50
　" 　printing notice of sale........ ................. 6 00
　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　$67 50

All other claims are disallowed.

The judgment of the circuit court is reversed and here rendered, at the cost of the appellee.