[Smith v. Huddleston.]

# Smith v. Huddleston.

103  223
132  100

*Action against a Sheriff for Money had and received.*

1.  *Sheriff levying attachment; should pay rent when sale made under such levy.*—When a sheriff levies an attachment, or other legal process, upon goods found on leased premises, and, after notice of the lien of the landlord for rent, he proceeds to a sale of said goods under the process so levied, it is his duty to pay the landlord the rent out of the proceeds of the sale of said goods.

2.  *Same; entitled to amount paid for watchman during night time.*—A sheriff, who levies an attachment or other legal process upon a stock of goods in a storehouse on one of the main streets in a city, should employ a watchman to guard said goods during the night time, from the time of levy to the day of sale under said process; and, for the payment of said guard, he is entitled to a reasonable allowance out of the proceeds from the sale of said goods.

3.  *Same; not entitled to amount paid for assistance in invoicing goods levied on.*—A sheriff, who levies an attachment on a stock of goods, is not entitled to have the expenses incurred by him in invoicing the goods so levied upon paid out of the proceeds from the sale of said goods under said attachment; the invoicing of said goods being no extraordinary expense, since without an invoice or inventory the levy could not have been made the subject of a proper return of the attachment.

4.  *Same; can not deduct cost of insurance from proceeds of sale*—A sheriff, who levies an attachment or other legal process on goods, has an insurable interest in said goods while in his custody, but the insurance, if taken out, is for his own benefit and indemnity, and he must bear its expenses and can not deduct the cost of such insurance from the proceeds of the sale of said goods under the process.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action brought by the appellee, George Huddleston, against the appellant, Joseph S. Smith, for money had and received. The facts of the case are sufficiently stated in the opinion. There was judgment for plaintiff, and defendant appeals, and assigns as error the rendition of said judgment.

HEWITT, WALKER & PORTER, for appellant, cited *Kahn v. Locke*, 75 Ala. 332; *McKleroy v. Cantey*, 95 Ala. 295;

*Westmoreland v. Foster*, 60 Ala. 455; *Thompson v. Merriman*, 15 Ala. 166.

GEORGE HUDDLESTON and CABANISS & WEAKLEY, *contra.*—1. A sheriff can not be allowed compensation for clerk hire in making schedule or inventory of property levied upon.—*Kahn v. Locke*, 75 Ala. 332; 16 Col. 495; 29 N. E. Rep. 580; 58 N. Y. 106; 1 N. H. 93; 46 Mo. App. 374; 45 N. W. Rep. 641; 13 Abb. (N. Y.) Pr. N. S. 128.

2. A sheriff is not entitled to compensation for money paid for insurance of property levied upon.—58 N. Y. 106; 1 La. Ann. 48; 13 Abb. (N. Y.) Pr. N. S. 128.

3. A sheriff can not be allowed compensation for watchmen or keepers for the goods levied upon.—45 N. W. Rep. 641; 45 N. Y. Supt. Ct. 447; 58 N. Y. 106; 13 Abb. (N. Y.) Pr. N. S. 128; 62 How. (N. Y.) Pr. 504.

4. A sheriff can not be allowed compensation for storing property levied upon.—*Kahn v. Locke*, 75 Ala. 332: 2 Ga. 240; 58 N. Y. 106; 13 Abb. (N. Y.) Pr. N. S. 128.

5. Extra service on part of a sheriff is no ground for extra compensation. He takes the office with its burdens.—*Kahn v. Locke*, 75 Ala. 332.

BRICKELL, C. J.—The appellee was plaintiff in the court below, suing the defendant for money had and received. The facts, as shown in the bill of exceptions, are, that the appellee is the assignee in an assignment made by a mercantile firm for the benefit of their creditors, which on its face was made subject to the liens of three attachments, the appellant, as sheriff, had levied on a stock of merchandise, which was in a storehouse rented by the assignors for the year 1891; and of the rent there was accruing, at the time of the levy of the attachments, three monthly instalments of forty dollars each. The landlord being about to sue out and cause to be levied on the merchandise an attachment to enforce the statutory lien for the payment of the accruing rent, the defendant promised, if he would forbear, to pay him the rent from the proceeds of the sale of the merchandise. Under the attachments, the defendant made sale of the merchandise, and after satisfying the debts on which the attachments were founded, the costs of each suit, and the commissions allowed him

by law, there remained in his hands three hundred and eight 35-100 dollars, which is the money appellee sues to recover. The appellant claimed to deduct from the sum remaining in his hands one hundred and twenty dollars, the rent paid the landlord; ninety-six dollars, paid guards for watching the merchandise from the levy of the attachments to the day of sale; seventeen dollars, paid for insurance he had taken on the goods; and twenty-seven dollars paid for assistance in invoicing them. The cause was tried by the court, without the intervention of a jury, and a judgment rendered against the appellant for two hundred and eleven dollars, from which this appeal is taken.

1. The statutes, (Code, §§ 3069–3074), confer on the landlord renting any storehouse, dwelling, or other building, a lien for the payment of the rent for the term, on the goods, furniture and effects of the tenant found on the premises, which is declared superior to all other liens than liens for the payment of taxes. And in certain events, of which one is the making an assignment by the tenant for the benefit of his creditors, the landlord is entitled to an attachment for the enforcement of the lien, whether the rent, or any instalment thereof, be due or not. The lien enters into and forms part of every lease or contract of renting, as if it was in express terms incorporated therein; and does not depend for its existence upon the suing out; or a cause for the suing out, of an attachment to enforce it.—*Ex parte Barnes*, 84 Ala. 540; *McKleroy v. Cantey*, 95 Ala. 295. As assignee of the tenant, the appellee can not be deemed a *bona fide* purchaser; he is not in any sense a purchaser. His relation is that of an assignee, succeeding only to the rights of the tenant; taking the goods subject to all liens binding them in the hands of the tenant at the time of the assignment.—Burrill on Assignments, (6th Ed.), p. 478, § 349, *Walker v. Miller*, 11 Ala. 1067; *Granger's Life & Health Ins. Co. v. Kamper*, 73 Ala. 325. Succeeding only to the rights of the tenant; taking the goods as the tenant held them, subject to the lien for the rent, it is not readily conceivable of what injury it was to him, that the appellant paid the rent rather than suffer the goods to be burdened with the costs of an attachment to enforce the lien. But we regard it as the duty of the sheriff, levying an attachment or other legal process upon

goods found on leased or rented premises, after notice of the lien of the landlord for rent, to pay the rent from the sale of the goods, if he proceeds to a sale under the process he has levied. In *Thompson v. Merriam*, 15 Ala. 166, it was held, that a sheriff, having notice of the lien of a landlord for rent, who levied and made sale of goods subject to the lien, converting them into money, was liable for the rent to the landlord, in an action for money had and received. In *Denham v. Harris*, 13 Ala. 465, it was held, that the landlord could apply by petition to the court from which the process issued, under which the levy and sale were made, for an order compelling the sheriff to pay the rent from the proceeds of sale. These decisions were made under a statute, (Clay's Dig., 210, § 45), which did not in express terms confer upon the landlord a lien for rent. The lien was deduced from the prohibition of the removal of goods, seized under legal process, from rented premises, without payment to the landlord of the rent due at the time of the seizure or levy. The principle underlying the decisions is, a removal and sale of the goods, with notice that the rent was unpaid, was tortious. The principle may now be applied when the landlord has an express lien, for the payment of rent due or accruing, having priority over any lien which can be acquired by the issue and levy of any legal process. Having notice of the lien, if the sheriff proceeded to a sale, converting the goods into money, he would commit a tort for which he would be liable to the landlord in an action on the case, for whatever injury resulted to him.—*Hussey v. Peebles*, 53 Ala. 432. The payment of the rent to the landlord was properly made, and must be deducted from the money remaining in the hands of the appellant.

2. In *Kahn v. Locke*, 75 Ala. 332, it was said, that it is the duty of the sheriff, "to safely keep goods levied on, and a strict measure of accountability rests on him, if he fails therein. He must employ such diligence as an ordinarily prudent man employs about his own, taking into the account the nature of the chattel to be preserved. A stock of merchandise requires more labor and care in its levy, preservation and sale, than ordinary chattels. * * * * We think, too, that so movable and tempting a commodity as ordinary merchandise, will frequently, if not generally, justify the presence of a guard or

[Smith v. Huddleston.]

watchman at night, to guard it against theft and incendiarism." And the sheriff, levying an attachment on a stock of merchandise, was held to be entitled to a reasonable allowance, to be charged on the product of the sale, for a guard of the merchandise in the night time. The stock of merchandise, on which the appellant levied, was in a storehouse situated on one of the main streets in the city of Birmingham, and it would have approached negligence, imposing liability on the appellant, if for the want of a guard or watchman, during the night time, the goods had been lost by theft, or incendiarism. The rule is, as insisted by the counsel for the appellee, that whatever care, labor or expense the condition of personal property on which a levy is made may require, the sheriff is bound to provide, and the fees expressly allowed him by law are the measure and extent of his compensation. The nature of the property is to be considered, and its situation, and when these require extraordinary labor and care for its preservation, we are not willing to say that the sheriff is not entitled to a reasonable allowance for expense incurred in bettering it. Adhering to the rule laid down in *Kahn v. Locke, supra*, the appellant was entitled to a deduction for the expenses of a guard of the goods during the night time, while the goods were in his possession. He was not entitled to a deduction for a guard during the day. The sum claimed by him was two dollars per night, and its reasonableness was not controverted. The aggregate is forty-eight dollars. The expense of invoicing the merchandise can not be charged on the proceeds of the sale. Without an invoice or inventory, the levy could not have been made the subject of a proper return of the attachments, and in no sense was the invoice an extraordinary service.—*Kahn v. Locke, supra.*

3. A sheriff having levied on, and having the custody of goods, may have therein an insurable interest.— *White v. Madison*, 26 N. Y. 126. If he takes insurance it is only for his benefit and indemnity, and he must bear its expense, without charge on the property or the proceeds of its sale. The measure of his duty, as is said in *Kahn v. Locke, supra*, is the exercise of the care and diligence in the preservation of the property a man of ordinary prudence exercises in the care and preservation of his own property of like kind. Losses occurring with-

out his fault, by fire or other accidents, the subject of insurance, do not involve him in liability. It is not material that one or more of the attaching creditors requested that the insurance be taken. If this be the fact, the appellant could have retained the expense of the insurance from the moneys to which they were entitled, but it can not entitle him to charge the property, or the proceeds of the sale with the expenses.—*Crofut v. Brandt*, 58 N. Y. 111.

4. Making the deduction of the rent paid the landlord, and of the expense of the guard or watchman, from the money remaining in the hands of the appellant, there was a balance due from him of one hundred and forty 35-100 dollars. The judgment of the circuit court must be reversed, and a judgment here rendered as of the day of the judgment of the circuit court, in favor of the appellee, for the sum of one hundred and forty 35-100 dollars, and for the costs of suit in that court. The appellee must pay the costs of the appeal in this court and in the court below.

Reversed and rendered.