# Shapiro v. Thompson.

### Action For Rent.

(Decided April 6, 1909. 49 South. 391.)

1. *Landlord and Tenant; Lien for Rent.*—Section 2176, Code 1896, gives the landlord a lien for rent which attaches from the commencement of the tenancy for the whole rent for the entire time on all property which has enjoyed the protection of the premises so long as the property may be found and identified unless it is in the hands of a bona fide purchaser for value without notice of the lien.

2. *Same; Bankruptcy of Tenant; Possession by Trustee.*—The relation of landlord and tenant is not dissolved by the acceptance by the landlord for rent from the trustee, although the landlord filed a petition in the bankruptcy court for the appointment of a receiver to carry on the bankrupt's business; the use of the leased premises by the trustee simply renders the bankrupt estate liable for the value of such use because of the possession and actual use and not because of the previous tenancy of the bankrupt .

3. *Bankruptcy; Discharge; Effect.*—A discharge in bankruptcy does not operate as a discharge of non proveable debts, and hence, does not relieve a lessee from liability for rent which is to accrue under the terms of his lease contract.

4. *Same; Effect on Relation of Landlord and Tenant.*—The relation of landlord and tenant is not dissolved by the adjudication of bankruptcy of the tenant upon his voluntary petition.

5. *Same; Exempt Property; Lien for Rent.*—Where a voluntary petition to be declared a bankrupt was filed by a tenant after the commencement of his leasehold terms, and certain goods were set apart to him as exempt in the bankruptcy proceedings, such goods were liable to the lien for rent for all the rent for the unexpired term of the leasehold.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by Edith Kyle Thompson begun by attachment against S. A. Shapiro to enforce her landlord's lien for the balance of the unexpired lease, and levied upon the goods exempted to Shapiro in the bankruptcy proceedings. Judgment for plaintiff and defendant appeals. Affirmed.

DORTCH, MARTIN & ALLEN, CABANISS & BOWIE, and E. H. DRYER, for appellant.—If, for any reason, the relation of landlord and tenant did not exist, there would be no lien and the attachment would fall. This question was raised on a rule to show cause against a dissolution. —*Drakeford v. Turt,* 75 Ala. 339; *Brown v. Cotes,* 56 Ala. 439; *Watson v. Auerbach,* 57 Ala. 353. There is no debt upon which to base a lien so far as the court of bankruptcy is concerned.—105 Fed. 596; 93 Fed. 938; Brandenburg on Bankruptcy, sec. 999; Loveland on Bankruptcy, pp. 3?5-6. Such claims are non proveable. —93 Fed. 948; 100 Fed. 270; 117 Fed. 879. . Under these authorities, after the adjudication, the landlord has no tenant. To assert that so far as exempt property is concerned, the title never goes into the trustee, is in effect to say that when exemptions are claimed the law is one way, and when not claimed another. The bankruptcy dissolves the relation so far as the tenant is concerned and leaves the trustee the option of taking the lease or not.—119 Ala. 139. The trustee in this instance by keeping the goods in the house elected to accept the lease.—*Smith v. Ingram,* 90 Ala. 532; *Dorrance v. Jones,* 27 Ala. 630. We insist that the appellee had no liens on the goods, first, because the tenant did not enter upon the term for which the rents were claimed. 2nd, the goods were not put in the store by the tenant under the lease. 3rd, if the relation ever existed, it was terminated before the rents accrued by the landlord's entry upon

[Shapiro v. Thompson.]

the leased premises. As to the last proposition, we cite. 1 Washburn on Real Property, 498; 1 Taylor's landlord & Tenant, Secs. 15 and 23; 42 Ala. 262. To the 2nd proposition, we cite.—84 Ala. 543; 87 Ala. 176. The relation was dissolved by the landlord's accepting rent from the trustee.—Brandenburg on Bankruptcy, 651. The tenant abandoned the leased premises, and the landlord sought to have a receiver appointed to continue the bankrupt's business.—*Rice v. Dudley,* 65 Ala. 70. The goods levied on were in the custody of the law.—*Turrentyne v. Blackwood,* 125 Ala. 436. The defendant in attachment had such an interest in them as to authorize a motion to dissolve the attachment.—80 Ala. 216. The execution of the forthcoming bond was not a waiver of right to entertain the motion, or to make it.—*Jones v. Baxter,* 41 South. 781.

GEORGE D. MOTLEY, for appellee.—The claim admittedly is not a proveable claim. Only such as are provable are affected by a discharge in bankruptcy.—8 Am. Bank. Rep. 700. Having remained in the house after filing his petition and allowing the goods levied upon to remain after a said time, the lien attached after the filing of the petition in bankruptcy.—*In re Burke,* 104 Fed. 326; *In re Markus,* 104 Fed. 331; s. c. 105 Fed. 907. The lien attached for the whole time of the lease.—*Andrews Mfg. Co. v. Porter,* 112 Ala. 381. Under the facts in this case the tenant became invested with the leasehold terms and the landlord was entitled to rent for the entire term.—*Rhodes Furn. Co. v. Weeden,* 108 Ala. 252.

SAYRE, J.—On September 27, 1904, the appellant and appellee, being then related as lessee and lessor of a storehouse in the city of Gadsden, entered upon a formal

written renewal of the lease. The renewed term was for the year 1905, beginning on the 1st of January of that year. The agreed annual rental was $900, payable in 12 equal monthly installments. December 29, 1904, and so prior to the beginning of the new term, the appellant filed his voluntary petition in the District Court of the United States asking to be adjudged a bankrupt. January 2, 1905, he was adjudged a bankrupt, and in due course he was discharged. In the course of the proceeding in bankruptcy, the bankrupt asserted his claim of exemptions in the stock of goods which had been kept by him in the storehouse, and his claim was allowed, and goods to the extent of $1,000 in value were set apart to him. January 24, 1905, the appellee commenced this action to enforce her demand for the entire rent to accrue during the year 1905 by suing out an attachment under section 2716 et seq., of the Code of 1896. The levy was upon the "stock of goods set apart as exempt to S. A. Shapiro by the trustee in bankruptcy." These goods had remained in the storehouse until the date of the levy (Jan. 24, 1905) ; the custody and control of the storehouse remaining with the trustee and a receiver appointed by the federal court. Section 2716 of the Code of 1896 provided: "The landlord of any storehouse, dwelling house, or other building, shall have a lien on the goods, furniture and effects belonging to the tenant, for his rent, which shall be superior to all other liens, except those for taxes." In *Nicrosi v. Roswald,* 113 Ala. 592, 21 South. 338, announcing the result of previous adjudications, it was said: "We have held that the lien in a case of the kind attaches from the commencement of the tenancy, for the security of the rent when it matures, and that it attaches for the whole rent, for the entire term, upon all the property belonging to the tenant, which 'enjoyed the protection of the premises for which

the rent is claimed,' so long as the property can be found and identified, provided it has not come to the hands of a bona fide purchaser without notice of the lien."—*Andrews Mfg. Co. v. Porter*, 112 Ala. 381, 20 South. 475. In *Ex parte Barnes*, 84 Ala. 540, 4 South. 769, it had been held that taking a lease of a storehouse, and placing merchandise in it under the lease, must be treated as the equivalent of a valid agreement giving a lien. Still earlier it had been said in *Knighton v. Curry*, 62 Ala. 404, of the effect of a contract which, under the law, carried with it a lien: "The lien created * * * is not that of an execution, a mere legislative remedy; but, the bond of the tax collector being a contract by which the law had previously declared liens should be created, such lien is a lien by contract, so far as all parties to the bond are concerned"—citing *County of Dallas v. Timberlake*, 54 Ala. 403; *Schuessler v. Dudley*, 80 Ala. 547, 2 South. 526, 60 Am. Rep. 124. In section 17 of the bankruptcy act (Act July 1, c. 541, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3428) it is provided that a discharge in bankruptcy shall release a bankrupt from all of his provable debts with some exceptions which do not affect the case in hand. The federal courts have generally held that the relation of landlord and tenant is severed by the adjudicated bankruptcy of the tenant. This question, however, has not been passed on by the Supreme Court of the United States so far as we are advised. As persuasive in some degree that Congress did not intend that an adjudication of the tenant's bankruptcy should operate as a discharge from his debt of rent to accrue, we note the statement at page 453 of Collier on Bankruptcy that an attempt was made when the amendatory act of 1903 (Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1907, p. 1026) was under consideration to insert a clause which, while denying prob-

ability to rent to accrue, declared the bankrupt's discharge a release therefrom; but it was voted down in the house committee on the judiciary. The federal courts hold that rent to accrue is not a fixed liability, and so not provable in bankruptcy. Collier on Bankruptcy, 453. We are unable to follow the courts of the United States which have passed upon the question in holding that the bankruptcy act was intended to operate as a discharge of a nonprovable debt, or that it can have the effect to sever the relation established by contract between landlord and tenant. The plain language of the act leads to the contrary conclusion.

Appellant contends that there was no entry under the lease, and therefore no lien ever came into existence; and, further, that there were never any goods in the leased storehouse placed there by the tenant during the term, so that the goods levied upon enjoyed no protection of the premises for his benefit. We think it a sufficient answer to both contentions to say that appellant during the term asserted his claim to the goods levied upon while they were upon the premises, and it was allowed.

Again, it is insisted that the relation of landlord and tenant was dissolved by the landlord's acceptance of rent from the trustee in bankruptcy for the month of January, 1905; but the amount paid by the trustee was not paid as rent. Such was not the theory upon which the federal court ordered the payment. That was done in pursuance of the decision in *Re Hays et al.,* (D. C.) 117 Fed. 881, in which it was held that, if the trustee uses the premises, he makes the trust estate liable for the value of such use, but this is because he was in possession and actually used the property, and not because of the previous tenancy of the bankrupt. Appellant was allowed credit for the amount so paid, and has no just

ground of complaint that it came out of the bankrupt estate.

Still again it is contended that appellant should have been allowed to show that the landlord filed a petition in the bankruptcy court asking that a receiver be appointed in order to carry on the bankrupt's business. But there was nothing in this contrary to appellee's theory then and now contended for that the relation of landlord and tenant between her and him continued to exist. It was rather in line with that theory. Appellant's argument in this connection depends upon the hypothesis that he had abandoned the leasehold, and that the petition for a receiver was tantamount to a re-entry by the landlord. But, as we have seen, that relation was kept in being for all the purposes at least of the statute under which appellee was proceeding by appellant's claim of property as exempt to him.

Further, it is said that the landlord had the lease levied on by the sheriff. The notice of levy did recite that it included the appellant's leasehold interest, but the levy itself shows to the contrary.

What we have said in effect disposes of every assignment of error.

There was no error in the rulings of the trial court, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.