## In re SCRUGGS.

(District Court, S. D. Alabama, N. D.    May 19, 1913.)

### No. 1,172.

1. **LANDLORD AND TENANT (§ 241\*)—LANDLORD'S LIEN—STATE STATUTE.**

Code Ala. § 4747, provides that a landlord shall have a lien on the goods, furniture, and effects of a tenant for rent, which shall be superior to all other liens except for taxes. *Held*, that under such section, as construed by the Alabama Supreme Court, the landlord has a lien for rent for the entire term on the tenant's goods which may be brought on

the premises at any time during the existence of the lease, and a sale or removal of the property by the tenant during the term does not displace such lien or affect the landlord's right to enforce the same for unpaid rent, unless the property has passed into the hands of a bona fide purchaser for value without notice of the lien.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 977, 978; Dec. Dig. § 241.*]

2. BANKRUPTCY (§ 151*)—TRUSTEE—BONA FIDE PURCHASER.

A bankrupt's trustee does not take the bankrupt's property as a bona fide purchaser for value, but holds it subject to all valid claims, liens, and equities, the validity of which is to be determined in the absence of federal statutes by the local law as evidenced by the decisions of the state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 193; Dec. Dig. § 151.*]

3. BANKRUPTCY (§ 318*)—RENT—"FIXED LIABILITY."

Where a bankrupt is liable for lease of a building, the bankruptcy court generally holds that only rent which has accrued is a "fixed liability" allowable in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

4. BANKRUPTCY (§ 318*)—CLAIMS—LANDLORD'S LIEN.

Where a lease of a storehouse to a bankrupt provided for a lien on the bankrupt's goods, furniture, and effects on the leased premises for the rent for the whole term, under the lease in accordance with Code Ala. § 4747, the rent to accrue after adjudication was not provable against nor allowable out of the bankrupt's general estate, but was provable against the particular property subject to the lien under the lease and statute.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 481, 482; Dec. Dig. § 318.*]

5. BANKRUPTCY (§ 255*)—LEASED PREMISES—OCCUPATION BY TRUSTEE.

Where a lease of real property constituted a part of the assets of a bankrupt, the trustee had a reasonable time to elect whether to assume or refuse the lease; the bankruptcy operating, in case he assumes it, like an assignment releasing the bankrupt from all further liability for rent, while, if the trustee refuses to accept the lease, the bankrupt remains a tenant as before.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 352; Dec. Dig. § 255.*]

6. BANKRUPTCY (§ 250*)—TRUSTEE—DUTY TO ACCEPT PROPERTY.

A bankrupt's trustee is not bound to accept property which in his judgment is of an onerous and unprofitable nature, and which would burden, instead of benefit, the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 235, 350; Dec. Dig. § 250.*]

In Bankruptcy. In the matter of bankruptcy proceedings of George F. Scruggs. Petition by the trustee to review a referee's order allowing a claim of a lien on the proceeds of sale of the bankrupt's stock of goods, etc., and for the rent of a storehouse of which the bankrupt was a lessee. Affirmed.

Keith & Wilkinson, of Selma, Ala., for trustee.

Pettus, Fuller & Lapsley, of Selma, Ala., for Mrs. Ida B. Quarles.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

TOULMIN, District Judge. This case is submitted on an agreed statement of facts with the lease given for the premises.

[1] The statute of Alabama provides that:

"The landlord of any storehouse * * * or other building shall have a lien on the goods, furniture, and effects belonging to the tenant, * * * for the rent, which shall be superior to all other liens, except those for taxes." Code Ala. § 4747.

And the construction of this statute is a matter for the state courts of Alabama. The Supreme Court of Alabama in considering this statute held that the lien attaches from the commencement of the tenancy for the security of the rent when it matures, and that it attaches for the whole rent for the entire term. Nicrosi v. Roswald, 113 Ala. 592, 21 South. 338; Shapiro v. Thompson, 160 Ala. 363, 49 South. 391. Under the provisions of this statute, the landlord has a lien for the rent for the entire term on the goods of the tenant which may be brought upon the premises at any time during the existence of the lease. The sale or removal of the property by the tenant from the premises during the term of the lease does not displace the lien of the landlord or affect his right to enforce his lien upon the property for the unpaid rent, unless in the hands of a bona fide purchaser for value without notice of the lien. In the case of Smith v. Huddleston, 103 Ala. 223, 15 South. 521, the Supreme Court of Alabama said: "The lien [given by the statute] enters into and forms a part of every lease or contract as if" the terms of the statute were written into the lease.

[2] And it is well settled that the trustee takes not as a bona fide purchaser for value, but as the bankrupt held the property, subject to all valid claims, liens, and equities. Collier on Bkcy. (9th Ed.) 996; In re Alden, 16 Am. Bankr. Rep. 362; Zartman v. First Nat. Bank of Waterloo, 216 U. S. 134, 30 Sup. Ct. 368, 54 L. Ed. 418. "The validity of such claims, liens and equities is to be determined in the absence of federal statutes by the local law as evidenced by the decisions of the state courts." Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Knapp v. Milwaukee Trust Co., 216 U. S. 545, 30 Sup. Ct. 412, 54 L. Ed. 610.

The Bankrupt Act recognizes and allows the priority of payment of "debts owing to any person who by the laws of the states or of the United States is entitled to priority." Section 64b, Bankr. Act July 1, 1898, c. 541, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447). That act also provides that a discharge in bankruptcy is a release of a bankrupt from all of his debts which are provable in bankruptcy, with some exceptions which do not concern this case.

[3] The federal courts have generally held that rent to accrue subsequent to the filing of the petition in bankruptcy is not provable in bankruptcy; that the only "fixed liability" under a lease is the rent due at the time of filing the petition. The weight of authority is that rent to accrue is not even a contingent claim, and is therefore not capable of proof. As far as I am advised, the question has not been passed on by the Supreme Court of the United States. But the United States Circuit Court of Appeals of this (Fifth) Circuit, in the case of Martin

v. Orgain, 174 Fed. 772, 98 C. C. A. 246, held that where a lease gives the landlord a lien on property on leased premises for "rent due or to become due," and the statute gives a like lien for rent due and to become due, the lien for rent due for the remainder of the contract year in which the tenant was adjudicated a bankrupt is enforceable against his trustee.

[4] The lease in the case at bar gives a lien on the goods, furniture, and effects on the leased premises, and the statute gives a like lien, and declares it shall be superior to all other liens. The lease is for the term of one year, the rent being payable monthly. The claim presented is for the rent due and to become due for the remainder of the rental year after the adjudication of the tenant a bankrupt. The trustee in answer to the claim alleged that it was not a provable claim, and prayed that the same should not be allowed. The material facts in this case and those in the case of Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246, are analogous, and the answer and contention made on the part of the trustee against the claim in this case is the same as that urged in Martin v. Orgain, supra.

The learned judge who wrote the opinion of the court in Martin v. Orgain said:

"If a contract and a statute can fix a liability, it must be conceded it was fixed in this case. Without conceding that appellant's claim is required to be proved under section 63, or that it may not be provable under clause 1 or 4 of that section as a fixed liability founded upon an express contract evidenced by an instrument in writing and absolutely owing at date of filing petition, we are of opinion that section 63 relates principally to unsecured debts, and that all creditors who wish to participate in creditors' meetings and dividends must bring their cases under some one of the heads therein specified, but in relation to claimed liens, such as here presented, section 57, 'Proof and allowance of claims,' section 63, 'Debts which may be proved,' section 64, 'Debts which have priority,' and section 67, 'Liens,' should be construed together and to the effect that a lien under a state law given in good faith, not impaired or affected by the bankruptcy law, should be allowed and given its legal priority."

The proof of a claim is one thing; its allowance by the court is quite a different step. When the act refers to a proof of a claim, it means the deposition or statement of the creditor. When it refers to its acceptance by the courts, it uses the word "allowed" or "allowance." A claim may be proved but not allowed; it may be provable, and not allowable. Collier on Bankruptcy, 709, 710; In re Hornstein (D. C.) 122 Fed. 266; In re J. M. Mertens & Co., 147 Fed. 177, 77 C. C. A. 473. Whether the claim involved in this case, being a claim for rent accruing after the adjudication in bankruptcy, is or is not provable in bankruptcy, my opinion is that it is not provable against and allowable out of the general estate of the bankrupt being administered by the bankrupt court, but that it is provable against the particular property on which a lien is claimed under the contract of lease and the statute of the state. It is essential that the claim be proved in order to establish the lien on which the claim should be allowed, unless it be admitted or agreed to. The court finds no error in the judgment of the referee, and the same is affirmed.

[5] On payment of the claim for rent, in accordance with the de-

cree, the trustee has a reasonable time to elect whether to assume or to refuse the lease. If he assumes it, the bankruptcy operates like any other assignment and would release the bankrupt from all liability for rent. If the trustee refuses to take the lease, the bankrupt remains the tenant as before. The adjudication in bankruptcy has the effect to transfer to the trustee all the property of the bankrupt except his executory contracts (such, for instance, as leases), and to vest in the trustee the option to assume or to renounce these.

[6] He is not bound to accept property which in his judgment is of an onerous and unprofitable nature, and that would burden instead of benefit the estate. He can elect whether he will accept the lease or not, after due consideration and within a reasonable time. In re Frazin, 183 Fed. 28, 105 C. C. A. 320, 33 L. R. A. (N. S.) 745, and authorities therein cited.

In the absence of such acceptance, it remains in the bankrupt; the claim for the rent having been paid.