## In re SOUTHERN HARDWARE & SUPPLY CO.

(District Court, S. D. Alabama, S. D. December 5, 1913.)

### No. 1,177.

1. BANKRUPTCY (§ 191*)—LIENS—STATUTORY LIEN FOR RENT.

Where, under the statutes of the state as construed by its courts, a landlord is given a lien on the property of the tenant on the premises, superior to all other liens except those for taxes, which attaches from the commencement of the tenancy and for the whole rent for the entire term, such lien may be enforced against the trustee in bankruptcy of the tenant for rent accruing after the adjudication and to the end of the term and attaches to the proceeds of the property sold by the trustee, although under an order of court making no provision therefor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. § 191.*]

2. BANKRUPTCY·(§ 191*)—LIENS—STATUTORY LIEN FOR RENT.

An agreement for the extension of a lease "for an additional term * * * to commence at the expiration of said present lease" is not one for an extension of the term of the existing lease, but one for another term, and there can be no lien for rent thereunder, where the tenant is adjudicated a bankrupt and his property on the premises is sold before the expiration of the term of the first lease.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. § 191.*]

In the matter of the Southern Hardware & Supply Company, bankrupt. On review of order of referee denying the claim of the landlord to a lien for rent. Reversed.

Sullivan & Stallworth, of Mobile, Ala., for petitioner McGill Institute.

R. H. & R. M. Smith, of Mobile, Ala., for trustee.

TOULMIN, District Judge. After a careful consideration of the able and exhaustive opinion of the referee, and a like consideration of the thorough and able argument of the attorney for the trustee in support of the opinion and finding of the referee, I am constrained to differ with the referee in the conclusion reached by him, and in the decree rendered thereon.

[1] In view of what I consider the great weight of authority on the principal question involved in this case, and on which the right of the claimant rests, I think the referee erred in disallowing the claim under the original or first lease and in striking it from the file.

The later authorities I believe are substantially uniform on this subject.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The statute of the state of Alabama provides that:

"The landlord of any storehouse * * * or other building, shall have a lien on the goods, furniture, and effects belonging to the tenant, * * * for his rent which shall be superior to all other liens, except those for taxes." Code of Ala. 1907, § 4747.

A landlord's statutory lien for rent is entitled to priority of payment over claims of general creditors. Collier on Bankruptcy (9th Ed.) p. 945; In re Burns (D. C.) 175 Fed. 633; same case on appeal, Burns' Trustee v. Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. Ed. 1233.

As against general creditors, the landlord has from the beginning of the tenancy the right to a statutory lien which had completely ripened and attached before the filing of the petition in bankruptcy. 225 U. S. 639, 32 Sup. Ct. 699, 56 L. Ed. 1233.

Where a lien is given for the current year, the landlord may enforce such lien against the trustee for rent due after the adjudication of the tenant, and for the remainder of such year. Collier on Bankruptcy, supra, 946; In re V. D. L. Co. (D. C.) 175 Fed. 635. And the lien attaches to the proceeds of the sale of the goods upon which it exists, even though the sale was had pursuant to a court order, and such order made no provision therefor. In re Varley & Bauman Clothing Co. (D. C.) 188 Fed. 761, 26 Am. Bankr. Rep. 104; Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246; In re Sapinsky (D. C.) 206 Fed. 523; In re Scruggs (D. C.) 205 Fed. 673; McKleroy v. Cantey & Randolph, 95 Ala. 295, 11 South. 258.

"The lien (given by the statute) enters into and forms part of every lease or contract" as if the terms of the statute were written into the lease. Smith v. Huddleston, 103 Ala. 223, 15 South. 521; In re Scruggs (D. C.) 205 Fed. 673.

The Bankrupt Act recognizes and allows the priority of payment of "debts owing to any person who by the laws of the states or the United States is entitled to priority." Section 64b (5), Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447).

The law of the state of Alabama provides that the lien on the goods, etc., belonging to the tenant shall be superior to all other liens, except those for taxes, and such "lien attaches from the commencement of the tenancy * * * and that it attaches for the whole rent, for the entire term." Nicrosi v. Roswald, 113 Ala. 592, 21 South. 338; Shapiro v. Thompson, 160 Ala. 363, 49 South. 391; In re Scruggs, supra; Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246.

Where a priority is sought under a state statute it must be determined under the laws of that state. In re United States Lumber Co. (D. C.) 206 Fed. 236, 30 Am. Bankr. Rep. 682.

If the state law gives a lien and it continues after bankruptcy of the tenant, the priority exists in effect, though not in name; the property becomes charged with the lien. Authorities cited supra.

[2] In the agreement between the McGill Institute and the Southern Hardware & Supply Company, made and contained in the lease of September 26, 1911, it is provided that the institute agrees and does hereby extend the term of the present lease for an additional term

of eight years to commence at the expiration of said present lease October 31, 1913.

Construing this agreement as a whole, I interpret it as providing for another term of lease to commence on the expiration of the original or present lease, and not as an extension of the term of the present lease; otherwise there would be no expiration of the said present lease until the termination of the extension, October 31, 1921. If the purpose of the agreement was to extend the term of the present lease for an additional term of eight years, it should have provided that the institute extends the term of the present lease for an additional eight years, thereby making the term of the present lease about ten years, instead of about two years, from September 26, 1911. The last clause in the agreement referred to, which states "an additional term of eight years to commence at the expiration of said present lease, October 31, 1913," in my opinion, qualifies and determines the true meaning of the agreement, and clearly shows that two different terms were provided for. Moreover, another provision in the agreement I think sustains this construction. It is this:

"The Southern Hardware & Supply Company has hired and taken from the institute its said building for an *additional* eight years, and agrees to pay the rent."

Furthermore, at the time the eight-year lease commenced, there were no goods belonging to the tenant in the building on which the lien for rent for that term could attach. Long before the eight-year lease commenced, bankrupt proceedings had intervened and the trustee had sold the goods.

Question No. 1 of referee answered in the affirmative.

Question No. 2 answered in the negative.

Question No. 3 answered in the affirmative.

The petitioner, the McGill Institute, is entitled to relief, which is an allowance of the petitioner's claim for rent from the date of the original lease to the expiration of said lease, to wit, October 31, 1913, less payments which have been made to petitioners on account of such rent; and is also entitled to a lien on the proceeds of the sale of the goods and effects of the bankrupt, the tenant, which were in the building leased at the time of the adjudication in bankruptcy of said tenant, and which were then possessed by the trustee in bankruptcy and by him sold.

It is ordered that the decree of the referee be reversed, and the case remanded, with directions to pay to the McGill Institute the amount found due to it for rent of said building, in accordance with this opinion.