## SECOND DEPARTMENT, MARCH, 1927.

REDONDO STEAMSHIP COMPANY, INC., Respondent, *v.* IRVING BANK-COLUMBIA
 TRUST COMPANY and Another, Defendants, Impleaded with KERR STEAMSHIP
 COMPANY, INC., and Another, Appellants.

*Banks and banking — action by alleged assignee to recover fund deposited in bank —*
 *judgment that appellants have no interest in fund is reversed — error to prevent*
 *appellants from proving counterclaim — receiver in supplementary proceedings*
 *represents creditors of judgment debtor — legal title of receiver relates to date of*
 *service of third party order.*

Appeal by defendants, Kerr Steamship Company, Inc., and another, from a
judgment of the Supreme Court, entered in the Kings county clerk's office on
February 15, 1926, upon the decision of the court, rendered after a trial at the
Kings Special Term.

PER CURIAM.   We are of opinion that the judgment, in so far as it finds that
the judgment creditors Kerr Steamship Company, Inc., Indemnity In urance
Company of North America, and Benjamin Harris, as receiver of the property of
Frank Auditore, had or have no rights in the fund in issue here, must be reversed.
The finding " that the plaintiff is entitled to the balance of the said fund " should
be reversed, because the defendants mentioned were erroneously prevented from
giving evidence of their counterclaim setting up ownership of the fund.   The

findings of fact and conclusions of law which are inconsistent with this conclusion should be set aside. We are also of opinion that it was error for the court to hold that the Parascandola judgment was binding upon the receiver, Harris, on the theory that he had no greater rights than his judgment debtor, for the reason that said receiver represented the creditor and was appointed for that purpose. It was also error for the court to find that the third party order had lapsed and become null and void. It was error for the court to find that the receiver had not acquired any legal title to said fund through his appointment as receiver, since such legal title related back to September 8, 1923, the date of the service of the third party order on the Irving Bank-Columbia Trust Company, at which time the creditors obtained an equitable lien on the fund, which title was not superseded by the appointment of the trustee in bankruptcy. The defense that the trustee in bankruptcy obtained title could not be asserted collaterally by any person other than the trustee, and he is not a party to the action. The judgment in so far as appealed from should be reversed upon the law and the facts, and new trial granted, costs to appellants to abide the event. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur. Judgment reversed upon the law and the facts, and new trial granted, costs to appellants to abide the event.