JACOB STACHL, Appellant, v. SALVATORE SALAZZO and LUCY SALAZZO, Respondents.— Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of the plaintiff for specific performance, with costs. In our opinion, plaintiff's Exhibit 1 contains the essential terms of a valid agreement, and is a good and enforcible contract for the sale of the real property described therein. Findings of fact and conclusions of law inconsistent herewith are reversed and appropriate findings and conclusions will be made. Young, Kapper, Hagarty and Tompkins, JJ., concur; Lazansky, P. J., dissents and votes to affirm. Settle order on notice.

ERIC STEPHAN, on Behalf of Himself and All Stockholders of the MERCHANTS COLLATERAL CORPORATION, Appellant, v. THE MERCHANTS COLLATERAL CORPORATION and Others, Respondents.— Order and judgment reversed upon the law and the facts, and a new trial granted, costs to appellant to abide the event. This is a derivative action by the plaintiff, a stockholder of defendant Merchants Collateral Corporation, to recover damages which that corporation sustained by reason of the misconduct of the other defendants. Subsequently to the acts which, it is alleged, gave rise to this action the Merchants Collateral Corporation was adjudicated a bankrupt and a trustee appointed. In the course of time the trustee accounted, and was discharged more than four months prior to the institution of this action. The court dismissed the complaint on the ground that the action was not brought by the trustee. This was error. The trusteeship is *functus officio*. (*Matter of Paine*, 127 Fed. 246.) Further, title in a trustee in bankruptcy cannot be asserted collaterally by any person other than the trustee. (*Redondo Steamship Co., Inc., v. Irving Bank-Columbia Trust Co.*, 219 App. Div. 825.) Further, it is to be assumed that the property rights, the subject of this action, did not pass to the trustee, since there is no proof of a distinct acceptance of it by him. Property which, from its nature, may have been deemed a burden rather than a benefit may be rejected by the trustee, and it, therefore, remains in the bankrupt. (*Dushane v. Beall*, 161 U. S. 513; *Matter of Scruggs*, 205 Fed. 673.) Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur.

ELIZABETH VAIL, Appellant, v. ALICE M. TOMPKINS, Respondent.— Order denying motion to issue execution against the person or to amend judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Carswel and Scudder, JJ., concur.